MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN AND JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
Telephone:  (415) 882-7900
Facsimile:  (415) 882-9287
email@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al., | ) CASE NO.: C 07 2115 BZ )   ) |
| Plaintiffs, | ) **JUDGMENT PURSUANT TO** ) **STIPULATION** |
| v. | ) ) |
| INTERIOR PARTITIONS, INC., | ) ) |
| Defendant | ) ) ) |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment in the within action may be entered in favor of the plaintiffs and against defendant Interior Partitions, Inc. as follows:

1.   Defendant entered into a valid collective bargaining agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.   John Koogle, RMO, CEO and President of Interior Partitions, Inc., hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference; Standing Order; Notice of

-1-
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C 07 2115 BZ

1  Availability of Magistrate Judge to Exercise Jurisdiction; Instructions for Completion of ADR Forms
2  Regarding Selection of ADR Process; Stipulation and [Proposed] Order Selecting ADR Process;
3  Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; ECF
4  Registration Information Handout; Welcome to the U.S. District Court, San Francisco.

5      3.    Pursuant to the Bargaining Agreement and the Trust Agreements of Plaintiff Funds as amended, which are incorporated into the Bargaining Agreement, Defendant is indebted to plaintiffs in the sum of **$94,247.19**, which includes unpaid contributions, plus 10% liquidated damages and interest on the combined contributions and liquidated damages for that period at 7% per annum. In addition to the foregoing, plaintiffs shall recover attorneys' fees and costs of this action, all as follows:

**Contributions**

| | |
|---|---|
| August 2006 - March, 2007 | $82,777.50 |
| Unreported hours, 9/06, 10/06 Daniel Diaz | $2,334.36 |

**Liquidated Damages @ 10%**

| | |
|---|---|
| August, 2006 - March, 2007 | $8,277.75 |
| Unreported hours, 9/06, 10/06 Daniel Diaz | $233.43 |

**Interest at 7% per annum through 4/30/07**

| | |
|---|---|
| August, 2006 - March, 2007 | $1,858.94 |
| On unreported hours, 9/06, 10/06 Daniel Diaz | $112.50 |

**Attorneys Fees and Costs**

| | |
|---|---|
| Attorneys Fees (through April 30, 2007) | $1,458.00 |
| Costs of Suit | $350.00 |
| **TOTAL** | **$97,402.48** |

4.    Defendant shall *conditionally* pay the principal sum of $88,891.30 (amount due above, less liquidated damages ($8,511.18), conditioned on timely payments of all other amounts due hereunder, and on approval of the Board of Trustees as follows:

    (1)    On or before May 11, 2007 (the 11th of the month for the first payment only,

-2-
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C 07 2115 BZ

1  thereafter the 10th of the month) and no later than the 10th day of each month thereafter for a period
2  of 12 months, through and including April 10, 2008, defendant shall pay to plaintiffs the amount of
3  **$7,692.00**.

4      (2) Defendant shall have the right to increase the monthly payments at any time;

5      (3) Payments shall be applied first to unpaid interest and then to unpaid principal.
6  The unpaid principal balance shall bear interest at the rate of 7% per annum from May 1, 2007, until
7  paid in full, in accordance with plaintiffs' Trust Agreements;

8      (4) Payments shall be made to the Bay Area Painters and Tapers Trust Funds, and
9  delivered to Michele Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520,
10 San Francisco, CA 94105 **to be received on or before the 10th day of each month**, or to such
11 other address as may be specified by plaintiffs;

12     (5) After defendant has made the first four (4) timely payments under the terms
13 of this Judgment Pursuant to Stipulation as required, **and** has remained current in contributions for
14 four months, beginning with hours worked in April, 2007, and as provided in paragraph 5 below,
15 plaintiffs' Trustees will consider defendant's request to extend the payment period hereunder,
16 thereby reducing the monthly stipulated payments. In the event that this occurs, plaintiffs will
17 prepare and provide to defendant an Amended Judgment Pursuant to Stipulation, outlining the
18 extension of the payment plan and the new payment amount. All of the other terms of this Judgment
19 shall remain the same.

20     (6) Prior to defendant's final payment hereunder, or as may be extended,
21 plaintiffs shall advise defendant of the final amount due, including any additional amounts incurred
22 under the terms of this Stipulation, and that amount shall be paid with the last payment, on or before
23 April 1, 2008, or any extended date  The additional amounts incurred shall include, but not be
24 limited to, any attorneys fees and costs incurred by plaintiffs herein.

25   5. Beginning with contributions due for hours worked by Defendant's employees during
26 the month of April, 2007 and for every month thereafter until this judgment is satisfied, defendant
27 shall remain current in contributions due to plaintiffs under the current Collective Bargaining
28

-3-
**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C 07 2115 BZ**

1  Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations
2  of Trust as amended. Failure by Defendant to remain current in its contributions shall constitute a
3  default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Any
4  such unpaid contributions, together with 10% liquidated damages and 7% per annum interest accrued
5  on those contributions and liquidated damages, shall be added to and become a part of this Judgment
6  and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining
7  Agreement and Declarations of Trust of the Trust Funds for collection of current and future
8  contributions and the provisions of this agreement are in addition thereto.

9      6.    John Koogle, RMO, CEO and President of Interior Partitions, Inc. (hereinafter
10 referred to as "Guarantor") hereby personally guarantees all amounts due under the terms of this
11 Stipulation. Guarantor agrees to submit to the jurisdiction of this Court relative to any further
12 proceedings herein.

13     7.    In the event that Defendant or Guarantor fails to make any payment required under
14 Paragraph 4 above, or fails to remain current in any contributions under paragraph 5 above, then
15 plaintiffs will provide defendant with a written "notice of default" allowing 7 days from the date of
16 the notice in which to cure the default. In the event that defendant or Guarantor does not cure the
17 default within the prescribed time period, then:

18     (A)    The entire balance of **$97,402.48**, less principal payments received by
19 Plaintiffs, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7%
20 per annum interest thereon as provided above shall be immediately due, together with any additional
21 attorneys' fees and costs under section (d) below.

22     (B)    A writ of execution may be obtained against Defendant and Guarantor without
23 further legal action, in the amount of the unpaid balance, plus any additional amounts under the
24 terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any
25 payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date
26 of default. Defendant and Guarantor hereby specifically agree that any actions in this matter may
27 be taken by either a United States Magistrate or United States District Court Judge.

28

-4-
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C 07 2115 BZ

Case 3:07-cv-02115-BZ   Document 4   Filed 05/09/07   Page 5 of 5
May-08-07 03:59P Interior Partitions, Inc 916-443-2815 P.02
Case 3:07-cv-02115-BZ   Document 3   Filed 05/09/2007   Page 5 of 5

(C) Defendant and Guarantor expressly waive notice of entry of judgment, and all rights to stay of execution and appeal. Judgment may be entered by a Magistrate or a District Court Judge without the necessity of a noticed motion.

(D) Defendant or Guarantor shall pay all additional costs and attorneys' fees incurred by plaintiffs in this matter, including, but not limited to those in connection with collection of the amounts owed by defendant to plaintiffs under this Stipulation.

8. Any failure on the part of the plaintiffs to take any action against defendant and/or guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach of any provisions herein.

9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waive the defense of the doctrine of res judicata in any such action.

Dated: 5/8/07

INTERIOR PARTITIONS, INC.

By: John Koogle
Its: RMO/CEO/President

Dated: 5/8/07

John Koogle, individually, as Guarantor

Dated: 5/9/07

SALTZMAN & JOHNSON LAW CORPORATION

By: Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: 9 May 07

UNITED STATES DISTRICT COURT JUDGE

-5-
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C 07 2115 BZ